United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40686
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS PEREZ-TOSTADO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-894-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the conviction and sentence of Carlos
Perez-Tostado. United States v. Perez-Tostado, No. 04-40686 (5th
Cir. Dec. 17, 2004) (unpublished). The Supreme Court vacated and
remanded for further consideration in light of United States v.
Booker, 543 U.S. 220 (2005). See de la Cruz-Gonzalez v. United
States, 125 S. Ct. 1995 (2005). This court requested and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received supplemental letter briefs addressing the impact of Booker.

In his supplemental letter brief, Perez-Tostado contends that the district court committed reversible plain error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines held unconstitutional in Booker. He also argues that his Booker claim is not precluded by the terms of the appellate-waiver provision in his plea agreement. Because Perez-Tostado cannot prevail on his Booker claim, a ruling on the enforceability of his appeal waiver is pretermitted.

The district court erred when it sentenced Perez-Tostado pursuant to the mandatory guidelines system held unconstitutional in Booker. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). By challenging his sentence under Blakely v. Washington, 542 U.S. 296 (2004), on direct appeal, Perez-Tostado has sufficiently preserved Fanfan error for review on remand from the Supreme Court. See United States v. Cruz, 418 F.3d 481, 484 (5th Cir.), cert. denied, 126 S. Ct. 770 (2005). A Fanfan error is neither structural nor presumptively prejudicial and, instead, is subject to the plain error analysis set forth in United States v. Mares, 402 F.3d 511 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005); United States v. Malveaux,

411 F.3d 558, 560 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).

Perez-Tostado has failed to point to any statements in the record indicating that the same sentence would not have been imposed had the district court known that the Guidelines were advisory. The record itself gives no indication that the district court would have reached a different result under an advisory guidelines system. Further, the fact that Perez-Tostado was sentenced at the lowest end of the guideline range does not demonstrate that the district court would have reached a different conclusion under an advisory sentencing scheme. See United States v. Bringier, 405 F.3d 310, 317 & n.4 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005). Given the lack of any indication in the record that the district court would have reached a different conclusion, Perez-Tostado has not demonstrated that his substantial rights were affected, and, thus, he has failed to establish plain error. See Mares, 402 F.3d at 520-22.

In his original appeal to this court, Perez-Tostado argued that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) were unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As this court previously held, this issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). See also United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298

(2005).  <u>Booker</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Booker</u>, 543 U.S. at 244.

<u>Booker</u> does not require this court to change the prior affirmance in Perez-Tostado's case.  Accordingly, we REINSTATE our judgment affirming Perez-Tostado's conviction and sentence.

AFFIRMED.